# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

JARED COGBURN, individually, and on behalf of all other similarly situated employees,

    Plaintiffs,

v.

U.S. SECURITY ASSOCIATES, INC.

    Defendant.

Case No._____

JURY DEMANDED

FLSA COLLECTIVE ACTION

## COLLECTIVE ACTION COMPLAINT

COMES NOW THE PLAINTIFF, JARED COGBURN, individually, and on behalf of all others similarly situated, and files this Complaint against U.S. SECURITY ASSOCIATES, INC. He shows:

### I.    JURISDICTION & VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Plaintiff's state law claims.

3. Venue also lies in this Eastern District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant is an entity doing business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II. PARTIES

4. Plaintiff Jared Cogburn is an adult resident of the state of Tennessee. Plaintiff was employed by Defendant as a security guard from approximately November 2016, until approximately January 19, 2017. During his employment with Defendant, Plaintiff was a covered employee under the FLSA.

5. Accordingly, the named Plaintiff worked for Defendant within both the two and three year statute of limitations periods under the FLSA.

6. In addition to the named Plaintiff, Defendant employs and has employed other similarly situated employees.

7. Defendant is a corporate entity doing business in the Eastern District of Tennessee. Plaintiff may be served with process through its registered agent, CT Corporation System, 800 Gay Street, Suite 2021, Knoxville Tennessee, 37929.

8. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendant are and were centrally and collectively dictated, controlled, and ratified.

## III. FACTUAL BASIS FOR SUIT

9. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant at HSN in Greenville, Tennessee, and who were worked off-the-clock without receiving compensation for all of the hours worked.

10. The collective action claims are for unpaid straight time and overtime compensation,

liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b) and Tennessee law.

11. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. §216(b) is attached to the Complaint.

12. Plaintiff worked as a security guard for Defendant at Home Shopping Network ("HSN") at 1915 Snapps Ferry Rd, Greeneville, TN 37745.

13. Plaintiff was regularly and repeatedly worked "off the clock," thereby allowing Defendant to avoid paying Plaintiff proper compensation for all hours worked.

14. Likewise, other similarly situated employees were regularly and repeatedly worked "off the clock."

15. Specifically, Defendant regularly suffered or permitted Plaintiff to perform compensable work without compensation, including prior to the start of Plaintiff's scheduled shifts, and after the conclusion of Plaintiff's scheduled shifts.

16. Plaintiff and similarly situated employees were required to manually keep their own time records.

17. However, Plaintiff and similarly situated employees were not permitted to record the *actual* time they arrived to work and left work. Rather, Defendant required that the incoming guard (whose shift was beginning) and the outgoing guard (whose shift was ending) record identical shift start and shift stop times.

18. In other words, the outgoing guard was required to record for pay purposes that his work ended at the precise time that the incoming guard recorded beginning work.

19. In reality, Defendant instructs its employees to arrive to work fifteen (15) to twenty (20) minutes before the start of their scheduled shift to engage in "shift change" procedures.

20. During this work time prior to the start of employees' scheduled shifts, they would perform work, including but not limited to, shift updates, pass down logs, and bills of lading.

21. However, Plaintiff and similarly situated employees were not allowed to record the time they actually began working. Employees were given strict instructions to only write down the time of their scheduled shift on their time sheets. This was the rule, regardless of the time that Plaintiff *actually* arrived at work and began working.

22. Similarly, the duties of Plaintiff's job would regularly require him to stay at work later than his shift was scheduled to end. Nonetheless, Defendant would not allow Plaintiff to record any time for compensation purposes that was different from his scheduled shift time.

23. As a result, Plaintiff was regularly and repeatedly worked off the clock without proper straight time and/or overtime compensation.

24. Taken together, this uncompensated work caused Plaintiff to perform work in excess of forty (40) hours per week on a regular and repeated basis without proper overtime compensation.

25. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1). As a result, Plaintiff and similarly situated employees have suffered lost wages.

26. Defendant knows and/or has reason to believe that Plaintiff and class members were worked off-the-clock without receiving compensation for all of the hours worked.

27. Even though Defendant knows that Plaintiff and class members worked off the clock, Defendant failed to compensate Plaintiff and class members for their work, electing instead

4

to accept the benefits of Plaintiff's and class members' uncompensated work.

28. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

29. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

30. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

31. Defendant's intentional failure to pay Plaintiff and other similarly situated employees all of their wages are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for straight time, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA and Tennessee law. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff

with regard to their wages and damages, in that they have been denied proper straight time and overtime compensation. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may be readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA and Tennessee law.

## V.  CAUSES OF ACTION

33. The allegations set forth in the preceding paragraphs are incorporated herein and a jury is hereby demanded.

34. Plaintiff, on behalf of himself and others similarly situated, brings the following cause of action against Defendant.

 A. Willful violation of the Fair Labor Standards Act of 1938; and

 B. Quantum Meruit/Unjust Enrichment.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

 A. An Order designating this action as an opt in collective action for claims under the FLSA and the Tennessee common law, and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the federal and state claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

C. A declaratory judgment that Defendant has willfully violated the FLSA and Tennessee common law;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory and common law damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

s/*Michael L. Russell*
Michael L. Russell #20268
Emily S. Emmons #33281
GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC
341 Cool Springs Boulevard, Suite 230
Franklin, TN 37067
Telephone: (615) 354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED*