IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

_____

JARED COGBURN, individually, and on behalf
of all other similarly situated employees,

    Plaintiff,                                                   Case No. 2:17-cv-00029

v.

U.S. SECURITY ASSOCIATES, INC.            JURY DEMANDED

    Defendant.                              FLSA COLLECTIVE ACTION

_____

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ORDER OF SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE**
_____

COME NOW Plaintiff Jared Cogburn ("Plaintiff") and Defendant, U.S. Security Associates, Inc. ("Defendant") (collectively Plaintiff and Defendant are referred to as the "Parties") and in support of their Joint Motion for Order of Settlement Approval and Dismissal with Prejudice[1], state as follows:

### I.     Introduction

In this Fair Labor Standards Act ("FLSA") and Tennessee state law action, the Parties jointly request that the Court enter an order approving the agreed-upon resolution reached between the Parties to release and resolve all claims by Plaintiff. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed resolution to the district court, which may enter a stipulated judgment after scrutinizing the terms of the resolution

---

[1] The Parties' Settlement Agreement is attached hereto as Exhibit A.

1

for fairness. *Id.* at 1353; *see also Starnes v. Advanced Call Ctr. Techs., LLC*, 2:16-CV-156-TAV-MCLC, 2017 U.S. Dist. LEXIS 55806 at *2 (E.D. Tenn. Apr. 12, 2017) (employer and employer must present a proposed settlement agreement to the district court); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999) (resolution of FLSA overtime claim must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court). Thus, as set forth below, the Parties request that the Court review their agreed-upon resolution under the procedures and standards set forth in *Lynn's Food Stores* and the FLSA.

## II. Facts & Procedural History

Plaintiff filed this lawsuit in the United States District Court for the Eastern District of Tennessee alleging that Defendant violated the FLSA and Tennessee state law. (Dkt. No. 1). In his Complaint, Plaintiff claimed that Defendant failed to properly compensate its employees as required under the FLSA and under Tennessee state law. Specifically, Plaintiff argued that Defendant violated the FLSA by failing to compensate him for off-the-clock work performed immediately prior to and immediately after Plaintiff's scheduled shift. Defendant denied and continues to deny Plaintiff's allegations. After service of the summons and complaint, the Parties exchanged written discovery and documents relevant to Plaintiff's allegations, including Plaintiff's payroll records, Plaintiff's time records, Plaintiff's electronic "clock-in/clock-out" data, Defendant's policies, and other records regarding the Plaintiff and his claims. On June 2, 2017, Plaintiff gave a deposition. The Parties thereafter discussed a potential settlement of this matter, and after further negotiations reached a resolution of this case.[2]

---

[2] Plaintiff also filed a Motion for Conditional Certification on May 5, 2017 (Dkt. Nos. 19-20), but the Parties agreed to settle the matter on an individual basis before the Court ruled on Plaintiff's motion (and the Court in fact extended the deadline for Defendant to respond to this motion so that the Parties could explore settlement (Dkt. Nos. 29-30)). No other individuals ever opted into this action under FLSA Section 216(b), and thus no allegedly similarly situated employees (if any) are covered by the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding whether Plaintiff conducted compensable work "off the clock" by performing work related tasks either before Plaintiff's "shift" had commenced or after his shift ended for pay purposes. Plaintiff argued that he was required to report to work, and begin working, approximately 15 minutes prior to the start of his scheduled shift and also worked after his shift ended without pay. Defendant denies these allegations, denies that Plaintiff worked off-the-clock, and contends that Plaintiff was properly compensated for all reported hours worked, and further contends that Defendant's policies are in accordance with the FLSA and state wage and hour laws.

In this matter, the Parties have reached a mutually agreed to resolution that pays Plaintiff his entire alleged unpaid wages, including alleged liquidated damages, and thus compensates Plaintiff for all damages that he reasonably could have received if this matter had proceeded to trial and he prevailed – which Plaintiff recognizes may not have occurred had this case not settled. Defendant also agreed to pay an additional amount in attorney's fees and costs. In summary, the Parties reached a fair and reasonable resolution taking into account the cost and risk of continued litigation.

**III.** **The Court Should Approve the Parties' Agreed Upon Resolution of this Case.**

The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represent the Parties, and the terms of the Parties' resolution reflect a fair and reasonable compromise over disputed issues in light of all relevant circumstances.

As noted above, courts have held that an FLSA claim cannot be waived or resolved through agreement of the parties, except in two circumstances. *Martin v. Indiana Michigan Power Co.,* 292 F.Supp.2d 947, 959-60 (W.D. Mich. 2002). These are (1) that the Secretary of Labor can

3

supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the district court for approval. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354 (11th Cir. 1982); *Stalnaker v. Novar Corp.,* 293 F.Supp.2d 1260, 1262-63 (M.D. Ala. 2003). Here, the Parties request the Court approve the Parties' agreed-upon resolution of all claims in this case.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1355; *see also Stewart v. Elavon, Inc.*, No. 3:14-CV-310-TAV-HBG, 2016 WL 3434732, at *1 (E.D. Tenn. May 10, 2016) ("Courts must ensure that the settlement of the FLSA claim is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'") *citing Lynn's Food Stores*, 679 F. 2d at 1355; *Starnes*, 2017 U.S. Dist. LEXIS 55806 at *2 (district court reviews the proposed settlement, determines that it resolves a bona fide dispute and is fair and reasonable). In *Lynn's Food Stores,* the court established the following factors for a district court to examine to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54. Analysis of these factors above illustrates that the Parties' settlement should be approved.

First, the Parties were represented by counsel with extensive FLSA and wage and hour litigation experience, including both individual and collective and class claims. Each party's counsel vigorously advocated on their clients' behalves throughout this case. *See Stewart*, 2016

4

WL 3434732, at *2 (noting how both parties were represented by counsel and "were prepared to vigorously advocate for their positions").

Second, the resolution was reached through adversarial arm's length negotiations. The Parties' settlement was based on each party's assessment of alleged damages, based on records exchanged during discovery, and was reached after exchanging multiple demands and counteroffers.

Third, the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff and also the amount of damages, if any, that were available. In the present case, there were a number of disputed factual and legal issues. The Parties disputed to whether Plaintiff actually performed work while off-the-clock, whether any such work if it did occur is non-compensable as *de minimis*, whether Plaintiff could sufficiently establish the amount and extent of any such work, and whether Defendant could be liable for such work if it was never reported.

Plaintiff believes that this settlement is in his best interest as it eliminates any potential risk at trial, prevents further expenditure of resources in litigation and provides for complete relief for the Plaintiff based on his alleged damages. *See e.g.*, *Stewart*, 2016 WL 3434732, at *2 ("Plaintiff is spared the burden of proving her claims and damages to a jury, and she is being fairly compensated with the wages of which she was allegedly deprived."). Plaintiff's Counsel is experienced in litigating individual and collective action lawsuits under the FLSA and believes that this agreement resolving Plaintiff's individual claims is both fair and reasonable. Courts are permitted to give the opinion of plaintiff's counsel substantial deference in approving settlement agreements. *See, e.g., Manners v. Am. Gen. Life Ins. Co.,* 1999 WL 33581944, at * 27 (M.D. Tenn. Aug. 11, 1999). Indeed, the Parties maintain this settlement is a fair and reasonable resolution of

a bona fide FLSA dispute. They reviewed the evidence and the applicable law and have concluded that the settlement of these claims is in the best interest of the Parties. The Parties jointly represent to the Court that this agreement, attached as Exhibit A, was negotiated in good faith, represents a reasonable and fair compromise, and the Parties request that the Court approve the settlement.

Finally, the parties have reached an agreement as to the amount of attorney's fees and costs to which Plaintiff's counsel is entitled. Plaintiff's counsel achieved an excellent result in this case—obtaining complete potential relief for Plaintiff without a trial. Moreover, Plaintiff's counsel waived a sizeable percentage of its fees, which it customarily receives in order to achieve this result for Plaintiff.

### IV. Conclusion

This settlement is the product of experienced counsel working to fairly and reasonably resolve a bona fide dispute between the Parties. For these reasons and all those set forth above, the Court should enter an Order approving the Parties' settlement agreement and the release contained therein and dismissing the action with prejudice.

Respectfully submitted,

**GILBERT McWHERTER SCOTT BOBBITT PLC**

*s/ Emily S. Emmons*
Emily S. Emmons #33281
GILBERT McWHERTER SCOTT BOBBITT PLC
341 Cool Springs Boulevard, Suite 230
Franklin, TN 37067
Telephone: (615) 354-1144
Email: eemmons@gilbertfirm.com

&

*/s/ Gregory P. Abrams with permission*

Gregory P. Abrams (ARDC# 6280767);
   *pro hac vice admission*
Faegre Baker Daniels LLP
311 South Wacker Drive, Suite 4300
Chicago, IL 60606
Phone: 312-212-6500
Facsimile: 312-212-6501
Email: gregory.abrams@FaegreBD.com

Edward E. Hollis (IN Bar No. 19402-49);
   *pro hac vice*
Samantha R. Chapman (IN Bar No. 32540-49);
   *pro hac vice*
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46240
Phone: (317) 237-0300
Facsimile: (317) 237-1000
E-mail: edward.hollis@FaegreBD.com
        samantha.chapman@FaegreBD.com

Robert L. Bowman (BRP #017266)
Brandon L. Morrow (BRP #031242)
Kramer Rayson LLP
P. O. Box 629
Knoxville, TN 37901-0629
Telephone: (865) 525-5134
Facsimile: (865) 522-5723
Email: rlbowman@kramer-rayson.com
Email: bmorrow@kramer-rayson.com

*Attorneys for Defendant, U.S. Security Associates, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was sent to all parties of record via the Court's electronic filing system on this the 17th day of July, 2017.

        *s/Emily S. Emmons*

7

Case 2:17-cv-00029-TWP-MCLC   Document 32   Filed 07/17/17   Page 7 of 7   PageID #: 145